### ARGUED AND DETERMINED

#### IN THE

# COURT OF COMMON PLEAS,

#### FOR THE

## CITY AND COUNTY OF NEW YORK.

MARTIN T. MCMAHON, as Receiver of Taxes, *against* JANE
REDFIELD.

### [SPECIAL TERM.]

(Decided February 6th, 1883.)

To sustain proceedings by the Receiver of Taxes of the city of New York
to enforce payment of a tax upon personal property by punishment as
for contempt, he must show that there were no goods or chattels in the
possession of the person upon whom the tax was imposed which might
have been levied upon and sold under the warrant issued for the tax. A
return by the marshal that he found "no stock of goods" on which to
levy, is not conclusive on this point.

APPLICATION by the Receiver of Taxes of the city of
New York, to enforce payment of a tax.

The facts are stated in the opinion.

VAN HOESEN, J.—The Receiver has no right to enforce
the payment of taxes by proceedings as for a contempt, if
the person upon whom the tax was imposed had in his pos-

session goods and chattels by a sale of which the marshal might have collected the tax. I do not think that the return of the marshal is ever conclusive on this point; is not here, as he goes no further than to say that he found "no stock of goods" on which to levy.

The burden of proving the taxpayer guilty of contempt rests upon the Receiver. In order to obtain an order to show cause why the taxpayer should not be punished, the Receiver must show to the court:

*First.*—A neglect or refusal to pay the tax.

*Second.*—That the taxpayer had in his possession no goods or chattels from which the tax could have been collected.

*Third.*—That the taxpayer has property not subject to levy that ought to be applied to the payment of the tax.

If it be proved that the taxed person had in his possession goods out of which the tax could and should have been collected, the statute does not authorize the court to punish him for a contempt, because the marshal neglected to do his duty.

The first question to be considered, therefore, is the issue raised by the affidavits, whether the respondent had such goods in her possession during the lifetime of the warrant? If she had not, it will be necessary to consider the various questions that have been raised; but if she had, these proceedings must be dismissed, for, as I have said, they lie only where the taxed person had not in his possession goods out of which the tax could have been collected.

It is necessary, therefore, to determine at the outset whether the respondent had in her possession during the life of the warrant goods and chattels which the marshal might have seized and sold for the payment of the tax. I shall direct a reference to Mr. Thomas Allison, to inquire and report as to that matter. On the coming in of the report, the motion of the Receiver will be disposed of.

Order accordingly.